IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| INTERNAZIONALE GRANITI S.R.L, | : | CIVIL ACTION |
| | : | NO. 07-1790 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MONTICELLO GRANITE LTD. | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    AUGUST 12, 2009

Before the Court is a contract dispute between
Internazionale Graniti S.R.L. and Monticello Granite, Ltd. and
Salvatore Santoro.  A bench trial was held on Tuesday, August 11,
2009.  This memorandum contains the Court's findings of fact and
conclusions of law.

I.    **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff Internazionale Graniti S.R.L.
("Internazionale") is a corporation formed under the laws of the
country of Italy, with a principal place of business at Via
Ausente 6, 03040 Ausonia (FR), Italy.  Internazionale is engaged
in the business of the sale of marble, granite and stone slabs
and products throughout the world, including the United States
and the Commonwealth of Pennsylvania.

Defendant Monticello Granite, Ltd. ("Monticello") is a

Pennsylvania corporation with a principal place of business at 10049 Sandmeyer Lane, Philadelphia, Pennsylvania 19116.

Defendant Salvatore Santoro is an adult individual who is a resident of the Commonwealth of Pennsylvania.  Mr. Santoro is the President of Monticello.

From approximately 2002 through 2005, Internazionale and Monticello had a business relationship whereby Internazionale supplied materials (i.e. granite) to Monticello.  Although most of the parties' business was conducted orally, some transactions were memorialized in writing.

On November 22, 2005, Internazionale's President, Benedetto Parente, visited Mr. Santoro at Monticello's offices to discuss the outstanding balance of Monticello's account with Internazionale.  During this visit, it is undisputed that Mr. Santoro signed a document, which stated that the amount owed to Internazionale by Monticello was $566,222.79.  In addition, this document purported to bind Mr. Santoro personally for Monticello's debt.  (See Exhibit P3.)

Now, the parties dispute whether $566,222.79 is in fact the correct amount owed to Internazionale, given certain credits and adjustments to which Defendants claim they are entitled, and whether the November 22, 2005 signed writing binds Mr. Santoro, personally, for Monticello's debt.

A.   <u>Legal Standard</u>[1]

"[T]he burden of proof in a contract action is upon the party alleging breach." <u>E. Tex. Motor Freight, Diamond Div. v. Lloyd</u>, 484 A.2d 797, 801 (Pa. Super. Ct. 1984).  "The party having the burden of proof in a contract matter must sustain it by a 'preponderance of the evidence.'" <u>Snyder v. Gravell</u>, 666 A.2d 341, 343 (Pa. Super. Ct. 1995).  The preponderance of the evidence standard requires the party bearing the burden of proof to convince the finder of fact that "the facts asserted by the [party] are more probably true than false." <u>Burch v. Reading Co.</u>, 240 F.2d 574, 579 (3d Cir. 1957); <u>United States v. Payment Processing Ctr., LLC</u>, 461 F. Supp. 2d 319, 322 (E.D. Pa. 2006).

"[T]he plaintiff in an action for breach of contract has the burden of proving damages resulting from the breach." <u>Spang & Co. v. U.S. Steel Corp.</u>, 519 Pa. 14, 25 (1988).  "[D]amages cannot be based on a mere guess or speculation." <u>Id.</u> at 26.  Instead, the evidence must "with a fair degree of probability establish a basis for the assessment of damages." <u>Id.</u> at 27.  Moreover, "[w]here defendant asserts modification as a defense, the burden shifts to defendant to prove a valid modification" also by a preponderance of the evidence.  <u>Sonfast Corp. v. York Intern Corp.</u>, 875 F. Supp. 1088, 1094 (M.D. Pa.

---

[1]   By agreement of the parties, Pennsylvania law applies to this dispute.

1994).

"A fundamental rule in construing a contract is to ascertain and give effect to the intent of the contracting parties. It is firmly settled that the intent of the parties to a written contract is contained in the writing itself. When the words of a contract are clear and unambiguous, the meaning of the contract is ascertained from the contents alone." Chen v. Chen, 893 A.2d 87, 93 (Pa. 2006) (quoting Mace v. Atl. Refining Mktg. Corp., 785 A.2d 491, 496 (Pa. 2006)). "A contract is not ambiguous if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends." Bohler-Uddeholm Am., Inc. v. Ellwood Group, Inc., 247 F.3d 79, 92 (3d Cir. 2001) (applying Pennsylvania law). "To determine whether ambiguity exists in a contract, the court may consider "the words of the contract, the alternative meaning suggested by counsel, and the nature of the objective evidence to be offered in support of that meaning." Id. (quotation omitted). "[W]here a term in the parties' contract is ambiguous, 'parol evidence is admissible to explain or clarify or resolve the ambiguity, irrespective of whether the ambiguity is created by the language of the instrument or by extrinsic or collateral circumstances.'" Yocca v. Pittsburgh Steelers Sports, Inc., 854 A.2d 425, 437 (Pa. 2004) (quoting Estate of Herr, 161 A.2d 32, 34 (Pa. 1960)).

-4-

Under Pennsylvania law, an "'account stated' is an account in writing, examined and accepted by both parties." <u>Blue Mountain Envtl. Mgmt. Corp. v. Chico Enters., Inc.</u>, No. 04-4208, 05-2888, 06-1532, 2006 WL 1949676, at * 2 (3d Cir. Jul. 13, 2006) (relying upon <u>Leinbach v. Wolle</u>, 211 Pa. 629 (1905). "Acceptance need not be express and may be implied from the circumstances." (<u>Id.</u>)  However, an account stated cannot exist where there is a dispute as to the accuracy or correctness of the debt.  <u>See id.</u> (reversing district court's entry of summary judgment where a dispute as to the accuracy of the debt raised questions of material fact regarding the existence of an account stated); <u>Herron v. Herron</u>, 64 Pa. Super. 569, *4 (Pa. Super. Ct. 1916) (listing cases where "accounts rendered have not become accounts stated" because "there has been no real or presumed acceptance of their correctness").

Also, under Pennsylvania law, where a guarantor expresses his intent to be legally bound, that promise is enforceable, regardless of whether additional consideration is supplied to the guarantor for his promise.  See 33 P.S. § 6;[2] <u>The Paul Revere Protective Life Ins. Co. v. Weis</u>, 535 F. Supp. 379,

---

[2]    33 P.S. § 6 provides that "A written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound."

386 (E.D. Pa. 1981) (applying 33 P.S. § 6 and finding that defendants' guarantees were legally binding, even without consideration); <u>Atlas Bldg. Sys., Inc. v. Shawmont Assocs., Ltd.</u>, Nos. 2590 & 1290, 1993 WL 1156071, at *169 (Pa. Com. Pl. June 22, 1993) (rejecting defendant's argument that "guarantee is unenforceable because she received no personal consideration" where "firmly established black letter law" directs that "[plaintiff's] extension of credit to [company] by itself is sufficient consideration"); <u>Snevily v. Johnston</u>, 1841 WL 4090, at *3 (Pa. May 1841) ("Where the guaranty or promise, though collateral to the principal contract, is made at the same time with the principal contract, and becomes an essential ground of the credit given to the principal debtor, the whole is one original and entire transaction, and the consideration extends and sustains the promise of the principal debtor, and also of the guarantor.  No other consideration need be shown . . . .").

      B.    <u>Internazionale Graniti S.R.L.'s Claims</u>

        Internazionale Graniti S.R.L. asserted breach of contract claims against Monticello Granite, Ltd. and against Salvatore Santoro, individually.

        1.    <u>Claim against Monticello Granite, Ltd.</u>

        Internazionale claims that the November 22, 2005 signed

writing is an "account stated" between the parties, which evidences an agreement by Monticello to pay Internazionale $566,222.79.  (See Exhibit P3.)  Defendant objects, arguing that there was never an agreement as to the amount of Monticello's debt, and that the $566,222.79 was merely a placeholder for a "to-be-determined" amount.

In light of the testimony by both parties regarding the oral nature of their business relationship, and the uncontroverted evidence that Monticello made certain payments to Internazionale after the November 22, 2005 signed writing, which are not accounted for in the $566,222.79 number, the Court cannot find that the November 22, 2005 signed writing is an account stated between the parties.  However, the Court does find that Internazionale has proven by a preponderance of the evidence that the November 22, 2005 signed writing is a valid contract, which purports to define Monticello's debt to Internazionale.

Here, because ambiguity regarding the contract's terms is created by "collateral circumstances" - namely, the imprecise nature of some of the terms due to the oral nature of the parties' relationship and the documentary evidence of credits due to Monticello, the Court will consider parol evidence in construing the November 22, 2005 signed writing.

Monticello argued that it is entitled to certain credits for monies paid to Internazionale after November 22,

-7-

2005.  Essentially, Monticello argued that if the November 22, 2005 document is a contract, then it is subject to modification.  Based on the testimony adduced at trial, the Court agrees.  Specifically, the Court finds that Monticello has demonstrated by a preponderance of the evidence that it is entitled to the following credits for monies paid to Internazionale after November 22, 2005:

- $20,000 check #5408 paid on 12/16/2005
- $20,000 check #5659 paid on 1/9/2006
- $20,000 check #5728 paid on 2/14/2006
- **TOTAL CREDITS: $60,000**  (See Exhibit D2.)

Also, Monticello argued that it is entitled to a credit in the amount of $21,432 for defective black granite, which was part of Invoice #59, dated April 11, 2003.  (See Exhibit P4.)  Internazionale argued that it is entitled to add $21,432 to Monticello's debt, because the defective black granite was never returned to it.  Neither party has met its burden on this point.  The November 22, 2005 signed writing explicitly refers to Invoice #59, dated April 11, 2003 and states that it is "not counted in the amount above mentioned."  During trial, Monticello did not produce any documentation to contradict this statement.  (See Exhibit P3.)  And, despite the urging of Plaintiff's counsel during closing arguments, the Court declines to add the disputed $21,432 back to Monticello's debt, as there was no testimony

-8-

during the trial to support Internazionale's claim that it never received the defective black granite.

Further, the Court finds that Monticello failed to show by a preponderance of the evidence that it is entitled to the other credits it requested.  Specifically, Monticello did not offer any documentation of the allegedly $200,000 of unsalable or defective Internazionale materials that it currently has in its possession.  In fact, Monticello's President, Mr. Salvatore Santoro, was unable even to provide the Court with the exact number of unsalable or defective Internazionale slabs currently possessed by Monticello - estimating only that the number is somewhere between 200 and 300 slabs.  This is insufficient.  Similarly, Mr. Santoro's testimony alone is insufficient to show that Monticello is entitled to credit for either Invoice #17 ($17,053) or Invoice #61 ($25,662).

Thus, the Court finds that Internazionale is entitled to a judgment in the amount of $506,222.79 (or, the $566,222.79 minus the $60,000 of credit to which Monticello is entitled.)

### 2.   Claim against Salvatore Santoro

Based on the terms of the November 22, 2005 contract, Internazionale seeks to hold Defendant Salvatore Santoro personally liable for Monticello's debt.  Mr. Santoro objected, arguing that, although he signed the November 22, 2005 document,

it is not binding as to him personally because he did not intend to guarantee the debt of Monticello and, in any event, he did not receive consideration for his guarantee.

As an initial matter, the terms of the November 22, 2005 contract are unambiguous in that it purports to bind the signer - Salvatore Santoro - "on his behalf and in the name and for account of the company Monticello Granite Ltd." (See Exhibit P3.)  This language appears twice in the one-page November 22, 2005 contract.[3]  The Court does not find credible Mr. Santoro's testimony that he, as an experienced businessman, signed a document (which he agrees he read and understood) guaranteeing a large sum of money despite the fact that he did not actually intend to be bound.

Furthermore, under Pennsylvania law, it is clear that Mr. Santoro's personal guarantee on behalf of Monticello is binding, regardless of whether or not he received separate consideration for his promise.  Thus, the Court finds that Mr. Santoro is personally liable for the $506,222.79 judgment against Monticello.

---

[3]     Mr. Santoro was at his office, during normal business hours, when he signed the agreement and there is no evidence of physical coercion or duress.

## II.  CONCLUSION

For the reasons stated above, Internazionale Graniti S.R.L. is entitled to the following amount:  $506,222.79. Judgment will be entered against Monticello Granite Ltd. and against Mr. Salvatore Santoro in that amount and this case will be marked closed.